**FILED**

**October 6, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Ameenah House | ) Docket Nos. 2015-01-0125 |
| | ) 2015-01-0126 |
| v. | ) |
| | ) State File Nos. 92682-2014 |
| Amazon.com, Inc., et al. | ) 28711-2015 |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas Wyatt, Judge | ) |

---

### Affirmed and Certified as Final - Filed October 6, 2017

---

In these consolidated claims, the employee alleges she suffered back injuries as a result of separate incidents occurring in the course of her employment. Following the first incident, the employee was diagnosed with a low-back strain by a physician selected from an employer-provided panel. The employee alleged she suffered two additional incidents that resulted in increased symptoms in her low back. She did not receive authorized medical treatment following these two incidents, but treated with her own physicians and chiropractors. The employer obtained an independent medical evaluation, and the evaluating physician opined that none of the employee's complaints were causally related to her employment and that none of the alleged incidents resulted in any impairment or restrictions. Following a trial in which the court addressed the employee's claims arising out of the second and third alleged incidents, the court found the employee had not established that she suffered compensable work-related injuries and declined to award benefits. The employee has appealed. We affirm the trial court's decision and certify the trial court's order as final.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Ameenah House, Cleveland, Tennessee, employee-appellant, pro se

W. Troy Hart and Kristen C. Stevenson, Knoxville, Tennessee, for the employer-appellee, Amazon.com, Inc.

1

## Memorandum Opinion[1]

Ameenah House ("Employee") alleged she experienced three incidents in the course of her employment with Amazon.com, Inc. ("Employer"), which resulted in injuries to her low back. The first incident occurred on October 28, 2014, when Employee asserted that the repetitive lifting duties of her position on a loading dock caused her back pain. She selected Dr. Christopher Palmer from a panel of physicians provided by Employer and was seen by him on one occasion. He stated in a November 5, 2014 report that he "did not see any particular trauma or injury," and that he thought "she is probably just asking a little bit more of her back than accustomed." Employee did not file a petition for benefit determination as a result of the October 28, 2014 incident. Thus, the trial court did not address the compensability of the October 2014 incident, and no issue on appeal concerns that incident.

Employee alleged a second incident occurring on November 20, 2014, when the forklift on which she was standing was struck from behind by another forklift. She described feeling a jolt, and she sought medical care the same day at AmCare, Employer's in-house medical facility. It is unclear from the record whether she was offered a panel of physicians. Employer asserts it provided a panel and Employee declined to select a physician from a panel, resulting in its denial of the claim based upon Employee's alleged failure to accept the medical care it offered. By contrast, Employee denied that she refused to select a physician from a panel following this incident. She did, however, seek treatment on her own from Dr. Steve Williams, a chiropractor, and she participated in physical therapy ordered by him.

Employee reported a third incident occurring on the morning of April 6, 2015. She alleged she was assaulted by a co-worker who grabbed her clothing and "slammed" her down on a pallet. She explained that she did not feel immediate pain, but began to start hurting in the afternoon, and by the time she got home from her shift, her pain had increased such that she sought emergency medical care. According to the trial court's order denying benefits, Employee testified at trial that "the April 6 incident was the 'icing on the cake' in worsening her pain to its current level." She continued to receive chiropractic care from Dr. Williams and subsequently received care from another chiropractor for whom she had begun working part-time, Dr. Evan Willing. In addition, she obtained an evaluation from Dr. James Little, although it is unclear how she came to see Dr. Little. Employer denied the claim arising out of the April 6, 2015 incident based upon its assertion that Employee's injury resulted from horseplay and her violation of safety rules amounting to willful misconduct.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

On June 1, 2015, Employee filed petitions for benefit determination as a result of the November 2014 and April 2015 incidents. The record on appeal is silent as to proceedings or filings subsequent to July 2015, until a scheduling order was entered on February 28, 2017, setting the consolidated cases for trial on June 1, 2017.

Employer arranged for Employee to be seen by Dr. Jay Jolley for an independent medical evaluation on February 6, 2017. After reviewing Employee's medical records, some of which pre-dated the alleged incidents, and examining Employee, he testified in a deposition that Employee did not sustain a work-related injury as a result of any of the three alleged incidents and that she had no impairment or restrictions associated with any of the alleged incidents. Dr. Jolley associated Employee's complaints with pre-existing arthritis and opined that, while she was a surgical candidate, her problems were not causally related to her employment.

At trial, Employee introduced numerous medical records in support of her claims, but none of the records admitted into evidence included an opinion that Employee's back condition arose primarily out of and in the course and scope of her employment. Employee presented the testimony of Dr. Willing in person. Although the record on appeal does not include a transcript of the proceedings in the trial court or a joint statement of the evidence, the trial court's order reflects that Dr. Willing reviewed an MRI of Employee's lumbar spine and diagnosed her with a "broad-based disc bulge that compromised fifty-percent of the effected [sic] disc." The trial court's order additionally stated that Dr. Willing assigned a twelve percent whole body medical impairment rating, but that he was not asked to provide an opinion addressing causation. Dr. Willing apparently testified that a person struck by a machine can sustain an injury, but, according to the trial court's order, "Chiropractor Willing made this statement outside the context of any specific information properly posed to him about the facts of [Employee's] alleged injuries."

The trial court denied benefits, concluding Employee had not met her burden of establishing she suffered an injury arising primarily out of and in the course and scope of her employment. The court noted that although Employee introduced expert opinions from Dr. Little and Dr. Willing indicating she had a permanent medical impairment, neither offered a causation opinion. The trial court concluded that the only doctor who offered an opinion on causation was Dr. Jolley, who opined Employee did not suffer any injuries arising primarily out of the employment.

Employee has appealed. She filed two separate notices of appeal, the first of which used the Bureau's form for an expedited hearing notice of appeal and on which she stated the following:

11/20/2014 claim I deny signing a letter stating I refused a panel doctor [that] was offered to me. I have not seen this letter. 4/6/15 claim denied

3

because of horse play. There was no horse play when this injury happen [sic] and horse play was never proven by [Employer].

Along with her initial notice of appeal, Employee submitted a position statement that included factual assertions that do not appear in the record and for which there were no references to the record. The position statement was accompanied by a medical document that the trial court excluded from evidence at trial and a transcript of a deposition of Dr. Willing that was not admitted into evidence in the trial court.[2] Employee filed a second notice of appeal on the Bureau's form for a compensation hearing notice of appeal, which included a statement of issues similar to that in the initial notice of appeal. However, Employee has not cited any authority for the position she asserts, nor has she provided any meaningful legal argument describing any errors she contends to have been made by the trial court.

As stated by the Tennessee Supreme Court, and as we have observed on numerous occasions, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as her counsel. The law clearly prohibits us from doing so, as appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" as doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to conduct an "archaeological dig" into the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

Moreover, Employee has not provided us with a transcript of the proceedings in the trial court or a statement of the evidence. Without being provided a record of the testimony presented in the trial court, an appellate court "cannot know what evidence was presented to the trial court, and there is no means by which [it] can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). The totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented

---

[2] We have not considered the medical document, the transcript of Dr. Willing's deposition, or the factual assertions Employee presented in her position statement that do not otherwise appear in the record, as none of this information was presented to the trial court and properly admitted into evidence. *See Hadzic v. Averitt Express*, No. 2014-02-0062, 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at n. 4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge.").

to the trial court. Instead, consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

For the foregoing reasons, we affirm the decision of the trial court and certify the trial court's order as final.



**FILED**

**October 6, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Ameenah House | ) | Docket No. 2015-01-0125 |
| | ) | 2015-01-0126 |
| | ) | |
| v. | ) | State File No. 92682-2014 |
| | ) | 28711-2015 |
| Amazon.com, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 6th day of October, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Ameenah House | | | | | X | aminah1016@gmail.com |
| Kristin C. Stevenson | | | | | X | kcstevenson@mijs.com |
| W. Troy Hart | | | | | X | wth@mijs.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov